Lee M. Gordon (SBN 174168)
Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower Street, Suite 2940
Los Angeles, CA 90017-4101
lee@hbsslaw.com
elaine@hbsslaw.com
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

*Additional Plaintiffs' Counsel Appear
on the Signature Page*



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re : LIVE CONCERT ANTITRUST LITIGATION | 2:06-ML-01745 SVW-RCx |
| This document relates to:<br>ALL ACTIONS | **POSITION STATEMENT OF PLAINTIFFS REGARDING THE PARTIES' PROPOSALS ON METHODS TO NARROW THE SCOPE OF CLASS DISCOVERY** |

In anticipation of the October 23, 2006 status conference, Plaintiffs submit the following Position Statement regarding the two proposals that the parties will submit to the Court on how discovery and class certification should proceed. In short, while both Plaintiffs and Defendants recognize that the parties should develop a way to narrow the discovery process and the class certification briefing in the interests of judicial economy, they disagree on the manner in which this common goal should be accomplished. Plaintiffs have filed twenty-two (22) complaints, each alleging a separate geographic market limited to the region in which each complaint was originally filed. Plaintiffs therefore recommend that this Court initially limit class certification to five sample or template regional markets. On the other hand, Defendants believe that the Court should initially limit discovery to discovery

related to the definition of the relevant product market and thereafter hear Defendants' dispositive motion (presumably a motion for summary judgment) on that issue alone before proceeding with class certification. Plaintiffs' proposal allows the parties to explore all class discovery and class certification-related issues (including the definition of product market) within limited test markets while ensuring that fundamental fairness inures to both parties through their ability to present *all* class-related issues to the Court. Defendants' position, on the other hand, catapults the parties into summary judgment proceedings on one issue alone before Plaintiffs have had the benefit of full merits discovery.

## I. Plaintiffs' Proposal To Proceed In Sample Markets For Discovery And Class Certification Serves The Interest of Judicial Efficiency While Ensuring Fundamental Fairness to all Parties

Plaintiffs propose that, at the initial stages of this case, discovery be limited to the five regional markets of Boston, Chicago, Denver, Los Angeles, and New Jersey/New York, as well as discovery at the corporate-level that relates to all markets, and that Plaintiffs initially file motions for class certification related to these test markets. Plaintiffs believe that the identification of five regions, or sample markets, will provide efficiencies for the parties as well as the Court.

Plaintiffs' proposal has several advantages. Unlike Defendants' proposal, it permits the full litigation of all factors under Fed. R. Civ. P. 23, but limits the number of markets in which this Court will have to do that analysis (and in which the parties will conduct discovery). If adopted, the parties would postpone litigating the non-test markets until the outcome of class certification on the test markets.[1] Since the class certification issues for each region will share many common issues, the sample market approach proposed by Plaintiffs will narrow the contested issues

---

[1] Plaintiffs have made this proposal to Defendants. Defendants have not rejected it outright. Rather, Defendants advised that they would consider it if this Court rejects their request to limit the initial issue to the definition of product market.

in many other geographic regions and greatly reduce the resources to be dedicated to class certification by the Court and the parties.

Moreover, this approach could motivate the parties to discuss a potential resolution of all 22 cases after class certification on the five test or sample markets has been decided. At the very least, it could serve as a basis for a stipulation on certification of classes for the balance of the geographic markets. Indeed, the sample market approach is akin to bellwether trials used in the mass tort context where courts faced with thousands of cases identify certain representative cases for trial. Bellwether trials are designed to allow the parties to ascertain value for settlement purposes and/or to answer common causation or liability questions.

## II. Summary Adjudication Of Issues Prior To Class Certification Is Premature

Defendants propose a discovery schedule calling for an initial determination of the issues relating to the product market. As Plaintiffs understand the Defendants' proposition, Defendants are essentially asking the Court to focus discovery on one issue and determine whether summary judgment is appropriate as to that issue prior to class certification and prior to general merits discovery. Such a schedule would unduly delay class certification contrary to the intent of Fed. R. Civ. P. 23(c)(1)(A) and would be generally premature and wasteful under the rule.

### A. *Class certification should not be unduly delayed by Defendants' proposed schedule*

An attempt to obtain a preliminary judgment on one individual issue in the absence of merits discovery and before class certification is decided is not justified under Fed. R. Civ. P. 23. It is likely that the Defendants will argue that the Court can determine the merits of Plaintiffs' product market prior to class certification, on a motion for summary judgment, in part, because of the recent change to Rule 23(c)(1)(A), which gives the Court wider discretion to decide the timing of its class certification decision. Nevertheless, the Advisory Committee Notes to the amended Rule 23 are clear that "[a]lthough many circumstances may justify deferring the

certification decision, active management may be necessary to ensure that the certification decision is not unjustifiably delayed." Fed. R. Civ. P. 23, Advisory Committee Note. It is undeniable that limiting discovery to one issue, prior to discovery on class certification issues, would significantly delay the class certification process. Defendants' proposal that the parties conduct discovery as to product market alone, fully brief that issue to the Court, and only proceed to full discovery after the Court has ruled on that issue would unreasonably delay class certification by months, if not more than a year.

Additionally, the Advisory Notes to Rule 23 encourage Courts to guard against "forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23, Advisory Committee Note. Defendants propose an even more wasteful division by requesting that the Court require the parties to conduct a lengthy inquiry into one single issue, which the Defendants alone have determined to be of preliminary importance. This is clearly contrary to Fed. R. Civ. P. 23(c)(1)(A).

### B. *Defendants propose a premature and wasteful inquiry into the merits*

Generally, an evaluation of the probable outcome on the merits is not properly part of the certification decision. Fed. R. Civ. P. 23, Advisory Committee Note. A motion for class certification should ordinarily be determined prior to the adjudication of a dispositive motion. *See Schwarzschild v. Tse*, 69 F.3d 293, 292 (9th Cir. 1995) ("district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified"); *Wright v. Schock*, 742 F.2d 541-44 (9th Cir. 1984) (same). There is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, unless the circumstances justify it, a court should not inquire into the merits of a case before class certification. It has been held that courts "could

probably delay even the initial class certification until after a summary judgment, but it would be inadvisable." *Irwin v. Mascott*, 2001 U.S. Dist. LEXIS 3285 (N.D. Cal. February 27, 2001). As a general rule, district courts are urged to exercise caution in delaying class certification until after summary judgment. *Id.*

While a determination of the merits prior to class certification may be a possibility under certain circumstances, that deviation from the general practice is not justified here. In every case that is filed there are dispositive issues that will eventually need to be weighed by the court. The mere existence of a possibly dispositive defense[2] should not entitle the Defendants to dispense with the customary discovery and motion practice procedures of the court. To conduct an initial wave of discovery focused on a single issue, or even two of three individual issues, will require the parties to conduct duplicative discovery should the Defendants' motion be denied. The Defendants ask that the Court create a specialized discovery process, based solely on the gamble that their product market arguments will be accepted by the Court. While Defendants' arguments relating to product market will be heard, the progress and development of the case as a whole should not be sacrificed to prematurely do so.

### III. Revision of [Proposed] Discovery Plan

Plaintiffs previously filed with the Court their Unopposed Motion For Entry of Case Management Order No. 1 An To Appoint Interim Class Co-lead Counsel. Attached to that motion, Plaintiffs provided a [Proposed] Discovery Plan, suggesting a schedule for the completion of the various stages of discovery and pre-trial motion practice. Due to various filing and scheduling issues, the Discovery Plan originally suggested to the Court is no longer an accurate reflection of the current status of the case, nor does it set realistic deadlines given that status. Plaintiffs have revised this

---

[2] Notably, while Defendants posit that the definition of product market will be dispositive, it was not dispositive in *Nobody In Particular Presents Inc. v. Clear Channel Communcs., Inc.*, 311 F. Supp. 2d 1048 (D. Colo. 2004), a case involving issues similar to the ones alleged in the regional complaints here.

schedule by pushing all of the deadline dates back by 60 days. Plaintiffs posit that the revisions contained in the amended Discovery Plan, attached hereto as Exhibit A, set realistic dates for the progression of this case.

IV. **Conclusion**

Plaintiffs respectfully request that, to reduce the Court's burden on hearing Plaintiffs' motions for class certification, the Court designate five markets, or regional classes, for discovery, briefing and decision on motions for class certification.

Respectfully submitted,

Dated: October 17, 2006

HAGENS BERMAN SOBOL SHAPIRO, LLP

_____
Lee M. Gordon
Elaine T. Byzsewski
700 S. Flower Street
Suite 2940
Los Angeles, CA 90017

*Proposed Liaison Counsel for Plaintiffs*

Elizabeth A. Fegan
Timothy Mahoney
Daniel J. Kurowski
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, IL 60601

Kenneth A. Wexler
Jennifer Fountain Connolly
Mark J. Tamblyn
Mark R. Miller
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602

-6-

Lee Squitieri
Maria Ciccia
Squitieri & Fearon LLP
32 East 57th Street
12th Floor
New York, NY  10022

*Proposed Interim Co-Lead Counsel and Executive Committee Members*

Jeffrey Kodroff
Rachel Kopp
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103

Nicholas Chimicles
James Malone
Michael Gottsch
Chimicles & Tikellis LLP
361 W. Lancaster Avenue
Haverford, PA  19401

Hollis Salzman
Kellie Safar
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017

Lance Harke
Harke & Clasby
155 S. Miami Avenue
Suite 600
Miami, FL 33130

*Proposed Executive Committee Members*

# EXHIBIT – A

# DISCOVERY PLAN – MDL 1745

| ORIGINAL PROPOSED DATE | ACTUAL DATE OR PROPOSED NEW DATE | EVENT |
|---|---|---|
| Monday, June 5, 2006 | CMO not entered at last date. Anticipated entry date: October 23, 2006 | Status Conference before Judge Wilson. Parties to submit agreed case management order, or competing orders, by May 30, 2006, to be served in each case by electronic mail to each other and overnight mail or hand delivery to the Court. |
| Monday, June 5, 2006 | Protective Order submitted to Court on or about September 22, 2006 | Parties waive requirements of Fed. R. Civ. P. Rule 16; in lieu thereof, parties will jointly submit this agreed schedule for the Court's approval. Also by this date, the parties should have begun to negotiate a mutually satisfactory protective order. |
| Friday, July 7, 2006 | Proposed new date (based on Judge Wilson's statements at least hearing that 26(a) disclosures to be made before he approves a discovery plan and discovery commences: October 23, 2006 | As of this date, the parties may propound initial document requests and interrogatories in conformity with the Fed. R. Civ. P. and Local Rules. The parties may likewise commence third party discovery, on the condition that simultaneous notice of subpoenas is provided by the parties. |
| Friday, July 7, 2006 | Actual: August 30, 2006 | Amended complaints in any of the transferred actions shall be filed on or before this date. |
| Monday, August 21, 2006 | Actual: September 25, 2006 | Parties to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1). |
| Thursday, January 11, 2007 | New Proposed: March 12, 2007 | Deadline for service of document requests and interrogatories. |

| ORIGINAL PROPOSED DATE | ACTUAL DATE OR PROPOSED NEW DATE | EVENT |
|---|---|---|
| Monday, January 15, 2007 | New Proposed: April 6, 2007 | Last date for plaintiffs to file (a) Class Certification expert reports and (b) Motions for Class Certification. |
| Wednesday, April 4, 2007 | New Proposed: June 6, 2007 | Last date for defendants to file (a) Class Certification expert reports and (b) Oppositions to Motions for Class Certification. |
| Monday, May 7, 2007 | New Proposed: July 10, 2007 | Last date for plaintiffs to file (a) any rebuttal expert reports and (b) Class Certification reply briefs. |
| To be scheduled | To be scheduled at earliest convenience of Court | Hearing on Motions for Class Certification (subject to Court's calendar) at the earliest convenience of the Court. |
| Tuesday, July 31, 2007 | New Proposed: September 28, 2007 | Fact discovery closes. |
| Tuesday, July 31, 2007 | New Proposed: September 28, 2007 | Plaintiffs' motions to remand coordinated actions under Lexecon shall not be filed before this date. |
| Wednesday, October 3, 2007 | New Proposed: October 3, 2007 | Plaintiffs to serve expert reports. |
| Monday, November 19, 2007 | New Proposed: November 3, 2007 | Defendants to serve expert reports. |

| ORIGINAL PROPOSED DATE | ACTUAL DATE OR PROPOSED NEW DATE | EVENT |
|---|---|---|
| Wednesday, December 19, 2007 | New Proposed: Expert depositions can begin immediately after service of expert reports, but in any event Plaintiffs' expert deposed first, Defendants' expert deposed second and depositions of experts to be completed by December 31, 2007. | Expert depositions may begin. |
| Friday, January 18, 2008 | New Proposed: December 15, 2007 | Plaintiffs to serve any rebuttal expert reports. |
| Friday, January 25, 2008 | New Proposed: December 31, 2007 | Expert discovery closes. |
| Friday, February 22, 2008 | New Proposed: January 30, 2008 | Last date for filing dispositive motions. |
| Friday, March 28, 2008 | New Proposed: February 28, 2008 | Last date for oppositions to dispositive motions. |
| Friday, April 25, 2008 | New Proposed: March 15, 2008 | Last date for dispositive motions reply briefs. |
| May 2008 | Same Proposed: May 2008 | Hearing on dispositive motions (subject to the Court's calendar). |
| Friday, June 13, 2008 | Same Proposed: June 13, 2008 | Last day for filing motions in limine and other non-dispositive pretrial motions. |
| Friday, June 27, 2008 | Same Proposed: June 27, 2008 | Parties must exchange proposed exhibit lists, witness lists, and jury instructions. |

| ORIGINAL PROPOSED DATE | ACTUAL DATE OR PROPOSED NEW DATE | EVENT |
|---|---|---|
| Wednesday, July 9, 2008 | Same Proposed: July 9, 2008 | Last date to meet and confer re: pretrial order.<br><br>Last date for filing oppositions to motions in limine. |
| Wednesday, July 23, 2008 | Same Proposed: July 23, 2008 | Last date for filing pretrial order, agreed set of jury instructions and verdict forms, and filing setting forth status of disputed instructions, verdict forms, etc.<br><br>Last date for filing motion in limine reply briefs. |
| Week of August 4, 2008 | Same Proposed: Week of August 4, 2008 | Subject to the Court's calendar, pretrial conference and hearing on motions in limine. Parties to exchange demonstrable exhibits. |
| Monday, August 11, 2008 | Same Proposed: August 11, 2008 | Trial begins. |

Case 2:06-ml-01745-SVW-VBK   Document 31   Filed 10/17/06   Page 13 of 15   Page ID
 #:20492

## DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of Los Angeles, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 700 South Flower Street, Suite 2940, Los Angeles, California 90017-4101.

On October 17, 2006, I served the foregoing document(s) described as

**POSITION STATEMENT OF PLAINTIFFS REGARDING THE PARTIES' PROPOSALS ON METHODS TO NARROW THE SCOPE OF CLASS DISCOVERY**

on all interested parties in this action as follows:

[X] **BY MAIL**

By placing a true copy thereof enclosed in sealed envelopes address as follows: **See Attached Service List**. That there is a regular communication by mail between the place of mailing and the places so addressed. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[X] **BY E-MAIL**

By causing the above listed document to be served by E-MAIL from Jennye Mouser to the e-mail addresses as follows: **See attached Service List.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 17, 2006 at Los Angeles, California.

JENNYE F. MOUSER

## SERVICE LIST
*In re: Live Concert Antitrust Litigation*
MDL: 2:06-ML-01745 SVW (RCx)
**USDC - CENTRAL DISTRICT OF CALIFORNIA**

### COUNSEL FOR PLAINTIFFS

LEE M. GORDON
ELAINE T. BYSZEWSKI
***HAGENS BERMAN SOBOL SHAPIRO LLP***
700 South Flower St., Suite 2940
Los Angeles, CA 90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
*Via Email*: Lee@hbsslaw.com
Elaine@hbsslaw.com

STEVE W. BERMAN
***HAGENS BERMAN SOBOL SHAPIRO LLP***
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*Via Email*: Steve@hbsslaw.com

ELIZABETH A. FEGAN
TIMOTHY A SCOTT
***HAGENS BERMAN SOBOL SHAPIRO LLP***
60 West Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9237
Facsimile: (312) 762-9286
*Via Email*: Beth@hbsslaw.com

KENNETH A. WEXLER
JENNIFER F. CONNOLLY
***THE WEXLER FIRM LLP***
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0222
*Via Email:* KAWexler@Wexlerfirm.com
JFConnolly@Wexlerfirm.com

LEE SQUITIERI
STEPHEN FEARON
***SQUITIERI & FEARON, LLP***
521 Fifth Avenue, 26th Floor
New York, NY 10175
Telephone: (646) 487-3049
Facsimile: (646) 487-3095
*Via Email:* Lee@SFClasslaw.com
Stephen@SFClasslaw.com

MARK J. TAMBLYN
***KERSHAW, CUTTER & RATINOFF, LLP***
980 9th Street, 19th Floor
Sacramento, CA 95814
Telephone: (916) 448-9800
*Via Email*: Mtamblyn@kcrlegal.com

## EXECUTIVE COMMITTEE MEMBERS

HOLLIS SALZMAN
KELLIE SAFAR
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, NY 10017
*Via Email*: hsalzman@labaton.com

LANCE HARKE
HOWARD BUSHMAN
HARKE & CLASBY
155 S. Miami Avenue, Suite 600
Miami, FL 33130
*Via Email*: lharke@harkeclasby.com

JEFFREY KODROFF
RACHEL KOPP
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
*Via Email*: jkodroff@srk-law.com

NICHOLAS CHIMICLES
JAMES MALONE
MICHAEL GOTTSCH
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA 19401
*Via Email*: jamesmalone@chimicles.com

## COUNSEL FOR DEFENDANTS

JAMES F. SPEYER
***HELLER EHRMAN LLP***
333 South Hope Street, 39th Floor
Los Angeles, CA 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868
James.Speyer@hellerehrman.com
*Via U.S. Mail*

JONATHAN M. JACOBSON
SAMMI MALEK
SARA CIARELLI
***WILSON SONSINI GOODRICH & ROSATI***
12 East 49th Street
New York, NY 10017
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
JJacobson@wsgr.com
SMalek@wsgr.com
Sciarelli@wsgr.com
*Via U.S. Mail*