UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-ML-1745 SVW (VMK) | Date | June 21, 2012 |
|---|---|---|---|
| Title | In re: Live Concert Antitrust Litigation | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re Joint Stipulation Regarding Decertification of Classes [616]

I.   INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") filed 22 regional putative class actions against Defendants Clear Channel, Inc. and related entities, alleging substantively identical claims of: (1) Monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2; (2) Attempted Monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2; and (3) Unjust Enrichment.  These actions ultimately were consolidated and assigned to this Court.

On November 1, 2006, this Court issued an order staying discovery in every action except those in the following five geographic markets:  Los Angeles, Chicago, New York, Boston, and Denver.  (Dkt. 36, 37).  On October 22, 2007, this Court issued an order certifying classes in these five markets.  (Dkt. 160); Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.), 247 F.R.D. 98 (C.D. Cal. 2007).

The parties subsequently stipulated to limit further discovery to two "test" markets:  Denver and Los Angeles.  (Dkt. 260).  Pursuant to the stipulated Order, "The remaining three certified template markets (Chicago, New York and Boston) shall be stayed until the Denver and Los Angeles markets are tried or otherwise resolved."  (Id.).  On March 23, 2012, the Court granted Defendants' Motion for Summary Judgment as to the Denver and Los Angeles actions, holding that Plaintiff's expert had failed, as a matter of law, to establish the existence of a "rock" market.  (Dkt. 605).

On May 22, 2012, the parties submitted a Joint Stipulation Regarding Decertification of Classes, requesting that the Court decertify the classes in the Los Angeles, Chicago, New York, Boston, and Denver actions, and deny certification in the remaining actions, permitting Defendants to settle with the named plaintiff in each regional action.  (Dkt. 616).  On May 29, 2012, the Court ordered the parties to

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:06-ML-1745 SVW (VMK) | Date | June 21, 2012 |
|---|---|---|---|
| Title | In re: Live Concert Antitrust Litigation | | |

submit supplemental briefing regarding the propriety of their proposed settlement process. (Dkt. 618).

**II.   DISCUSSION**

In light of the parties' well-written brief, the Court is satisfied that their proposed settlement process is proper. In Holloway v. Full Spectrum Lending, 2008 WL 4184648 (C.D. Cal. 2008), the named plaintiff in a putative class action moved to decertify the class and settle her individual claim with the defendant, based on an intervening Seventh Circuit decision that "seriously weakened the foundation of her case." Id. at *1. In a well-reasoned decision, the court granted plaintiff's unopposed motion, holding:

> Based on the ruling in [two Court of Appeals cases], it is highly unlikely that Plaintiff will prevail on the merits. As such, [plaintiff] will probably not be able to fairly and adequately protect the interests of the class [under Rule 23(a)]. [Plaintiff's] Motion to Decertify the Class and Approve Settlement of Individual Claim is hereby granted.

Id. at *4.

Here, the Court's Summary Judgment Order similarly made it highly unlikely, if not impossible, for the named plaintiffs to prevail on the merits of their claims. The issue upon which the Court granted summary judgment—Plaintiff's failure to establish the existence of a "rock" market—is a required element of Plaintiff's case in each regional action. Moreover, given the unique procedural posture of this case, Plaintiffs in the remaining regional actions likely would be estopped from attempting to relitigate this issue, which was finally adjudicated with respect to the agreed "test" cases (*i.e.*, the Los Angeles and Denver actions). See Abbe v. City of San Diego, Cal., Case No. 3:05-cv-01629, Docket No. 833, at *10-12, *aff'd* 444 Fed. Appx. 189 (9th Cir. 2011) (collateral estoppel precluded relitigation of issues decided in agreed "test" case).

**III.   CONCLUSION**

Accordingly, the parties' Joint Stipulation Regarding Decertification of Classes, (Dkt. 616), is GRANTED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |